Submitted on record and briefs January 14, reversed and remanded
February 16, 1994

ATHERLY, BUTLER & BURGOTT,
a partnership,
*Respondent,*

*v.*

Alfred J. ANTONINI
and Alva Antonini,
*Appellants,*

*and*

CBA OPERATIONS, INC.,
an Oregon corporation,
and C-Bow Arrow Estates, Inc.,
an Oregon corporation,
*Defendants.*

(92-91119; CA A78997)

868 P2d 786

Alfred J. Antonini and Alva Antonini filed the brief *pro sese*.

Darst B. Atherly and Atherly, Butler & Burgott filed the brief for respondent.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

WARREN, P. J.

**WARREN, P. J.**

Defendants appeal from a judgment entered for plaintiff. We reverse.

Plaintiff, a law firm, brought this action to recover attorney fees for work performed in connection with defending a lawsuit. After plaintiff successfully moved for summary judgment, the trial court entered a judgment pursuant to ORCP 67B against defendants Antonini only. Later, the court entered a default judgment against the other defendants, CBA Operations, Inc. and C-Bow Arrow Estates, Inc. (the corporations). That judgment is not before us on appeal. When we refer to "defendants," we mean only the Antoninis.

■ Plaintiff argues that we do not have jurisdiction to consider this appeal, because plaintiff's notice of appeal designated the judgment appealed from as a "judgment of dismissal."[1] The notice of appeal is not jurisdictionally defective. Defendants identified the proper adverse parties and the date of the judgment. That information was sufficient to allow a determination of the judgment from which the appeal was taken. *See Grant County Federal Credit Union v. Hatch*, 98 Or App 1, 6 n 4, 777 P2d 1388 (1988), *rev den* 308 Or 592 (1989).

To prevail on its summary judgment motion, plaintiff must show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. ORCP 47C; *Seeborg v. General Motors Corporation*, 284 Or 695, 700-01, 588 P2d 1100 (1978). We view the evidence in the light most favorable to defendants, the parties opposing the motion. *Tolbert v. First National Bank*, 312 Or 485, 494, 823 P2d 965 (1991).

■ In February, 1993, defendants met with Atherly, a partner in plaintiff law firm, regarding a lawsuit that had been filed against the corporations and defendants. Atherly, on behalf of the partnership, agreed to defend the lawsuit. Plaintiff did so, but did not get paid in full for its services. It then brought this action. The trial court granted its motion for summary judgment and awarded plaintiff $7,540, plus interest. Defendants assign error to the trial court's ruling on

---

[1] Defendants filed an amended notice of appeal that corrected that error.

the motion, contending that there are disputed issues of material fact.

Plaintiff claims in its affidavit that defendants retained it to represent the corporations and defendants as individuals. Defendants submitted affidavits in which they claim that they asked plaintiff to represent only the corporations. Defendants also claim that they never agreed to be responsible for the debts of the corporations. We conclude that summary judgment should not have been granted, because the parties' affidavits create a genuine issue of material fact about whether defendants hired plaintiff to represent them individually.

Reversed and remanded.